**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

_____

RAMON NAVARRO,

        Plaintiff,

v.                                No. CIV 01-1359 BB/ACT

CIGNA LIFE INSURANCE CO. OF
NEW YORK and SALOMON SMITH
BARNEY and SALOMON SMITH
BARNEY PENSION PLAN,

        Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court pursuant to the Court's review of two motions filed by Defendants in this case, a motion for summary judgment (Doc. 15) and a motion to exclude evidence (Doc. 27). The Court's review of the motions has raised a number of issues that must be dealt with before this case may be tried. Those issues include the following: (1) whether a jury trial is permissible in this case; (2) whether the standard of review should be the arbitrary-and-capricious standard or a *de novo* review standard; (3) whether the record before the Court at this point is adequate to conduct the required review; and (4) whether a simple review of the administrative record can resolve all disputes. The Court addresses each of these issues below.

**Propriety of Jury Trial:** This case is an ERISA case requesting review of the denial of long-term disability benefits sought by Plaintiff. Plaintiff requested a jury trial, and the case has been scheduled for such a trial because no motion to strike the jury demand has ever been filed. However, notwithstanding Defendants' lack of an attempt to strike the jury demand, Defendants have stated in some of their pleadings that no jury trial may be had in an ERISA case such as this

one.  *See* pretrial report exceptions, Doc. 35, and answer to complaint, Doc. 5.  Defendants'

suggestions are correct, as the Tenth Circuit has joined the many circuits that have already held

there is no right to a trial by jury in an ERISA lawsuit seeking benefits.  *Adams v. Cyprus Amax*

*Minerals Co.*, 149 F.3d 1156, 1161-62 (10th Cir. 1998); *see also, e.g., Sullivan v. LTV*

*Aerospace and Defense Co.*, 82 F.3d 1251, 1258 (2d Cir. 1996) (holding there is no right to jury

trial in ERISA case, and citing numerous cases from other circuits); *see also* Martin Wald and

David E. Kenty, *ERISA:  A Comprehensive Guide*, § 7.15, pp. 232-33 (Wiley & Sons 1991)

("Therefore, the circuit courts are uniform in holding that a trial by jury is not available under

ERISA § 502(a)(1)(B).").  The Court will therefore strike Plaintiff's jury demand.  If a trial is

necessary in this case, it will be a bench trial.

   **Applicable Standard of Review:**  In an ERISA case such as this one, the standard of

review of the plan administrator's decision may be either a *de novo* review or a review limited to

determining whether the administrator's decision was arbitrary and capricious.  *See Ray v. UNUM*

*Life Ins. Co. of America*, 314 F.3d 482, 485 (10th Cir. 2002).  This Court engages in the latter

type of review if the benefit plan gives the administrator of the plan discretionary authority to

determine eligibility for benefits or to construe the plan's terms.  *Id.* (quoting *Firestone Tire &*

*Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989).  Where insufficient discretion is given to the plan

administrator, an arbitrary-and-capricious review is not appropriate, and the administrator's

decision must be reviewed *de novo*.  *Id.*

   The parties have litigated and briefed this case assuming that the arbitrary-and-capricious

standard of review applies.  Neither party, however, has pointed to language in the long-term

disability plan that grants the plan administrator discretion to make eligibility decisions, as is

generally required to support this standard.   Furthermore, the Court's review of the plan

summary has failed to reveal such language.[1]   In the course of deciding *Ray*, the Tenth Circuit strongly indicated that district courts should not apply a doctrine of waiver or simply decide an ERISA case under the standard of review argued by the parties; instead, it appears this Court must apply the correct standard of review, even if the parties have not argued for such a standard. *See id.*, 314 F.3d at 486-87 (reversing and remanding for district court to apply *de novo* standard of review, even though parties did not raise standard-of-review issue either below or in initial briefs on appeal, and simply assumed prior to oral argument that the arbitrary-and-capricious standard was applicable; rejecting arguments that doctrine of waiver or doctrine of invited error should apply).  The Court notes there may be language in the actual plan itself, rather than the summary provided to date, which grants the discretion necessary to trigger arbitrary-and-capricious review.  Alternatively, since the Court has not had the benefit of briefing from the parties on this issue, it is possible the Court has failed to locate case law indicating that the terms of this plan are indeed sufficient to confer the necessary discretion.  Finally, the parties have not addressed any potential conflict of interest between the plan administrator and the entity funding the plan, which may affect the proper standard of review.  *See Woo v. Deluxe Corp.*, 144 F.3d 1157, 1161 (8th Cir. 1998); *Sullivan, supra*, 82 F.3d at 1255.  To resolve this issue, the Court

---

[1]The plan summary is Exhibit B to Defendants' brief in support of the motion for summary judgment.  It does contain language indicating that the plan administrator "has authority to control and manage the operation and administration of the plan."  This exact language, however, has been found insufficient to invoke the arbitrary-and-capricious standard of review, by at least two Circuits.  *See Wulf v. Quantum Chemical Corp.*, 26 F.3d 1368, 1374 (6th Cir. 1994); *Kirwan v. Marriott Corp.*, 10 F.3d 784, 788 (11th Cir. 1994).  It should be noted that, since this case involves an eligibility determination, the discretion that must be conferred is the discretion to make such eligibility decisions.  *See Nance v. Sun Life Assurance Co. of Canada*, 294 F.3d 1263, 1266 (10th Cir. 2002) (plan may grant discretion to make some decisions and not others; *de novo* standard will apply to review of those decisions as to which discretion is not granted, even if discretion is granted to make other decisions).

3

will require the parties to address the issue at the hearing currently scheduled for April 25, 2003.
At or before that hearing the parties should submit any supporting exhibits they may possess,
relevant to this issue.

**Record Necessary for Review:**  Whether the Court decides this case on a *de novo* basis
or under the arbitrary-and-capricious standard, the general rule is that the Court is limited to the
administrative record--that is, the materials obtained by or submitted to the plan administrator
prior to the challenged decision.  *See Hall v. UNUM Life Ins. Co. of America*, 300 F.3d 1197,
1201 (10th Cir. 2002).  To properly perform such a review, however, the Court must be able to
consider the entire record rather than merely a portion of it.  At this point, it appears the entire
record has not been submitted.  For example, the decision letters issued to Plaintiff, first denying
his claim and then denying his request for review, refer to exam notes from a Dr. Woods.
(Exhibits D, E, MSJ)  Those notes were not included in the summary-judgment exhibits submitted
to the Court.  The Court will require Defendants to submit the entire record, including all
materials that were before the plan administrator when the claim was initially denied and  when
the request for review was denied.

**Necessity for Trial:**  As noted above, a court's review of a decision denying a claim for
ERISA disability benefits is generally limited to a review of the administrative record.  This means
that a trial, or any kind of testimonial proceeding, is rare in an ERISA case.  *See Leahy v.
Raytheon Co.*, 315 F.3d 11, 17-18 (1st Cir. 2002) (trial is usually not an option in an ERISA case;
district court sits more as an appellate tribunal than a trial court).  Under certain limited
circumstances, however, a district court may properly take evidence and consider matters outside
the administrative record.  *Id.*, fn. 6; *Hall*, 300 F.3d at 1202-03 (outlining situations in which, in
*de novo* review case, administrative record may be supplemented with additional evidence that

4

was not part of the record).  This Court must determine whether to decide the case solely on the basis of the documentary record before the plan administrator, or to allow testimony or other evidence that is not part of the administrative record.  The parties will also be required to address this issue, which is similar to the issue concerning exclusion of Dr. Swajian's testimony, at the April 25 hearing.

## ORDER

Based on the foregoing, it is hereby ORDERED as follows:  (1)  Plaintiff's jury demand is stricken, and any trial held in this case will be a bench trial; (2) Defendants must submit the complete administrative record to this Court within fifteen days of the date of this opinion; (3) the parties must address the issue of the appropriate standard of review at the hearing currently scheduled for April 25, 2003; and (4) at that hearing, the parties must also address the issue of whether any live testimony, or a trial of any kind, should be permitted in this case.

DATED April 2, 2003.


BRUCE D. BLACK
UNITED STATES DISTRICT JUDGE


**ATTORNEYS**:

**For Plaintiff**:
Narciso Garcia, Jr.

**For Defendants**:
Patricia G. Williams