IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

RAMON NAVARRO,

      Plaintiff,

v.                                       No. CIV 01-1359 BB/ACT

CIGNA LIFE INSURANCE COMPANY OF
NEW YORK and SALOMON SMITH
BARNEY and SALOMON SMITH BARNEY
PENSION PLAN,

      Defendants.

## MEMORANDUM OPINION
## AND
## ORDER ON ATTORNEY'S FEES

      THIS MATTER is before the Court on Plaintiff's motion for attorney's fees on his ERISA award. Based on the submissions of counsel, the Court finds attorney's fees in the amount of $10,600.00. Following this Court's determination that Navarro was entitled to recover benefits under 29 U.S.C. § 1132(a)(1)(B), counsel for Plaintiff filed his *Memorandum in Support of Request for Attorney's Fees* [#45].

      "[G]ranting of attorney's fees under ERISA is not to be done as a 'matter of course,' but is discretionary in nature." *Gordon v. United States Steel Corp.*, 724 F.2d 106 (10th Cir. 1983). The *Gordon* Court adopted five nonexclusive factors to guide the district court's decision in awarding attorney's fees: (1) the degree of the opposing

parties' culpability or bad faith; (2) the ability of the opposing parties to personally satisfy an award of attorney's fees; (3) whether an award of attorney's fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.  This test is flexible, *Cottrill v. Sparrow, Johnson & Ursillo, Inc.*, 100 F.3d 220 (1st Cir. 1996), and not all five factors need be present. *Ford v. New York Cent. Teamsters Pension Fund*, 506 F. Supp. 180 (W.D.N.Y. 1980), *aff'd*, 642 F.2d 664 (2d Cir. 1981).

  1. The Functional Capacities Evaluation commissioned at the request of the plan administrator found that Plaintiff was only able to sit at five-minute increments for a total of sixty minutes through the day.  Defendants' administrator nonetheless denied Plaintiff's claim and requested more data.  Denying the claim and putting the burden on Plaintiff to obtain additional evidence in the face of the FCE report is evidence of bad faith.  *Negoski v. Country Life Ins. Co.*, 843 F. Supp. 372 (N.D. Ill. 1993).  Bad faith alone may be sufficient to support an award of attorney's fees.  *Schoenholtz v. Doniger*, 657 F. Supp. 899 (S.D.N.Y. 1987).

  2. There is no question Cigna is able to satisfy an award of attorney's fees. Standing alone, this may also be a sufficient basis for an award.  *Smith v. CMTA-IAM Pension Trust*, 746 F.2d 587 (9th Cir. 1984).

3. An award of attorney's fees will have no deterrent effect on others.

4. The fees will not benefit all participants and beneficiaries or resolve significant legal questions.

5. The Court's finding on bad faith indicates Plaintiff should receive attorney's fees and should be weighed heavily with the merits. *Negoski*, *supra.*

Defendants did not submit evidence or contest the amount of Plaintiff's attorney's fees.

## O R D E R

For the above stated reasons and based on the statements of Plaintiff's counsel as an officer of the Court, attorney's fees are awarded Plaintiff in the amount of $10,600.00.

SO ORDERED this 23rd day of February, 2004.

_____
**BRUCE D. BLACK**
**United States District Judge**

For Plaintiff:
 Narciso Garcia, Jr., Albuquerque, NM
For Defendants:
 Lorna M. Wiggins, Patricia G. Williams, WIGGINS, WILLIAMS & WIGGINS, Albuquerque, NM